133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard CONTEREZ, Plaintiff-Appellant, Cross-Appellee,
v.
UNITED STEELWORKERS of America; Arthur C. Thompsen;
Winfred "Butch" Flanigan, Jr.; United Steelworkers of
America, Local 338; United Steelworkers of America District
Office, Defendants-Appellees, Cross-Appellants.
 Nos. 96-36054, 96-36086.
 United States Court of Appeals, Ninth Circuit.
 Dec. 31, 1997.
 
 Before: WRIGHT, REAVLEY** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Conterez won a jury verdict against the United Steelworkers of America and Local 338 (collectively "the unions") for violation of Title VII, 42 U.S.C § 2000e et seq., because they falled to process racial grievances and disciplined him after he reported a discrimination claim to management. Post-trial the district court reduced damages. Conterez appeals the court's application of this damages cap to Local 338 and its denial of pre-trial and post-trial motions to add a claim under 42 U.S.C. § 1981, which contains no cap on damages. He also appeals denial of miscellaneous costs.
 
 
 3
 The unions cross-appeal the court's denial of motions for judgment as a matter of law or for a new trial, asserting inadequacy of Conterez's evidence, prejudicial judicial error, and attorney misconduct. They also assert that under § 1981a damages against Local 338 should have been zero.
 
 
 4
 We have jurisdiction under 28 U.S.C. §§ 1331 and 1343(4). We affirm except on the minor issue of miscellaneous costs, which we remand to the district court to justify or recalculate.
 
 BACKGROUND
 
 5
 Conterez won on two Title VII claims: hostile work environment and retaliation. Against Local 338, he was awarded $82,921 for backpay, cost of medical attention, and emotional distress, and $84,000 for punitive damages. Against the Steelworkers, he was awarded $1,596,000 in punitive damages. Post-trial, the court reduced total damages to $50,000 against Local 338 and $300,000 against the Steelworkers, according to § 1981a limitations on Title VII non-backpay compensatory and punitive awards.
 
 DISCUSSION
 
 6
 1. Denial of Plaintiff's Pretrial and Post-trial Motions to Add a Claim Under § 1981.
 
 
 7
 Conterez alleged a § 1981 claim against the Steelworkers (but not Local 338) in the first of two complaints, which were later consolidated. During the intervening nineteen months before trial, he never mentioned § 1981 in discussions, negotiations or motions, though he referred repeatedly to Title VII. When he drafted the pre-trial order, wnich replaced the complaints and served to eliminate unpursued claims, he omitted the § 1981 claim. A week before trial, he moved to amend the pre-trial order to include § 1981; unsuccessful, he again moved to amend pre-trial and post-trial. The court denied the pre-trial motions primarily because they were untimely and would have caused disruptions to the trial; it denied the post-trial motion because § 1981 never was actually litigated.
 
 
 8
 We review for abuse of discretion the court's denial of leave to amend pleadings after a responsive pleading has been filed. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 650 (9th Cir.1984). We also review for abuse of discretion a Rule 15(b) motion to conform the pleadings, to the evidence. See Campbell v. Trustees of Leland Stanford Jr. Univ., 817 F.2d 499, 506 (9th Cir.1987)
 
 
 9
 a. Pre-trial Motion
 
 Fed.R.Civ.P. 16(e) provides:
 
 10
 (e) Pre-trial Orders. After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pre-trial conference shall be modified only to prevent manifest injustice.
 
 
 11
 The court did not abuse its discretion in denying Conterez's pre-trial motion. The unions and the court reasonably assumed that he had abandoned his § 1981 c]aim, The unions would have had to revise their trial presentation, arguments and proposed jury instructions to accommodate an unexplained error by Conterez's counsel. See United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir.1981) (discussing factors to consider, including inexcusable neglect, in determining whether to permit amendment of pre-trial order). these circumstances do not entitle Conterez to a modification to prevent "manifest injustice."
 
 
 12
 b. Post-trial Amendment
 
 
 13
 Conterez asserts that the unions impliedly consented, under Fed.R.Civ.P. 15(b), to trial of his § 1981 claim "by presenting evidence of the Collective Bargaining Agreement and arguing the Steelworkers' constitution as a basis for its action." He asks in effect that we replace his Title VII recovery with § 1981 recovery.[1]
 
 
 14
 Similarly, in In re Acequia, the plaintiff attempted to establish implied consent to trial of a restitution claim because defense of such a claim would have required "exactly the same evidence" as that used to defend against other existing causes of action. In re Acequia, Inc., 34 F.3d 800, 814 (9th Cir.1994). The court denied this application of implied consent because where "evidence ... allege[d] to have shown implied consent was also relevant to the other issues at trial[,][it] cannot be used to imply consent to try the [unpleaded] issue." Id. (quoting Dole v. Mr. W Fireworks, Inc., 889 F.2d 543, 547 (5th Cir.1989)).
 
 
 15
 When the unions here referred to the collective bargaining agreement, they suggested that Conterez never availed himself of the proper methods for submitting racial grievances; this argument was a response to their alleged violations of Title VII. Conterez doesn't seek to introduce new "evidence"; but would introduce a rejected legal claim to gain $1.4 million. To hold that the unions impliedly consented to trial of § 1981 would extend implied consent beyond conformity of evidence to the claims; it would extend § 1981 liability to any party defending a Title VII claim.
 
 
 16
 2. Reduction of Local 338's Liability to Zero
 
 
 17
 Section 1981a(b)(3) limits Title VII punitive and non-backpay compensatory damages to $50,000 for respondents with 15 to 100 employees. It does not specify damages for a respondent employing fewer than 15.
 
 
 18
 Local 338 seeks to exploit this gap in the statutory language. Although it has more than 15 members and is therefore a "labor organization" Covered by Title VII, 42 U.S.C.2000e(d), Local 338 has fewer than 15 employees and is not covered explicitly by § 1981a. It argues that its liability should be nothing.
 
 
 19
 The court did not abuse its discretion by invoking judicial estoppel. Local 338 has taken inconsistent positions in this litigation. See United States v. Garcia, 37 F.3d 1359, 1366 (9th Cir.1794). Had it raised this issue earlier, Conterez could have segregated damages and received backpay, even if the district court had agreed with Local 338 to eliminate punitive damages.
 
 3. Plaintiff's Miscellaneous Costs
 
 20
 Although Conterez prevailed, the court clerk reduced his requested reimbursement for miscellaneous costs from $5,733.25 to $461.19. The court Should specify a reason for the reduction or award Conterez these costs.
 
 
 21
 4. All Other Claims by Plaintiff and Defendants
 
 
 22
 The judgment of the district court on all other claims is affirmed for the reasons given by that court in its order of September 9, 1996.
 
 
 23
 AFFIRMED, except on miscellaneous costs, each side to bear its own costs on appeal.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Under § 1981a, a plaintiff may recover Title VII punitive and non-backpay compensatory damages only if the plaintiff cannot recover under § 1981. 42 U.S.C. § 1981a(a)(1). Because Conterez was awarded only punitive damages, § 1981 must effectively replace Title VI for Conterez to prevail without a new trial